# EXHIBIT A

## SUMMONS AND COMPLAINT TO EXPERIAN INFORMATION SOLUTIONS, INC.

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1501
System Generated Hearing Date: 5/24/2022 9:30 AM
Location: Court Room 1501
Judge: Simon, John A.

*501699 24*

FILED
5/10/2022 11:37 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20221106460
Courtroom, 1501
17833812

FILED DATE: 5/10/2022 11:37 AM 20221106460

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                     (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Margarita Navez

_____
                         Plaintiff(s)

v.

Experian Information Solutions, Inc. et al

_____
                         Defendant(s)

Experian c/o C T Corporation System
208 S. LaSalle St., Ste.814; Chicago, IL 60604

_____
        Address of Defendant(s)

Case No.    2022-M1-106460

Please serve as follows (check one):   ○ Certified Mail   ◉ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**

*(12/01/20) CCG 0001 B*

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

5/10/2022 11:37 AM IRIS Y. MARTINEZ

Witness date _____

◉ Atty. No.: 60070
◯ Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

Address: 980 N. Michigan Ave., Suite 1400

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

City: Chicago

State: IL   Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 5/10/2022 11:37 AM 20221106460



FILED DATE: 5/10/2022 11:37 AM  20221106460

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

## ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1501
System Generated Hearing Date: 5/24/2022 9:30 AM
Location: Court Room 1501
Judge: Simon, John A.

* 5 0 1 6 9 9 2 4 *
FILED
5/10/2022 11:37 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20221106460
Courtroom, 1501
17833812

FILED DATE: 5/10/2022 11:37 AM 20221106460

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Margarita Navez

_____
Plaintiff(s)

v.

Experian Information Solutions, Inc. et al

Case No.    2022-M1-106460

_____
Defendant(s)

Experian c/o C T Corporation System
208 S. LaSalle St., Ste.814; Chicago, IL 60604

_____
Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org



**Summons - Alias Summons**

• (12/01/20) CCG 0001 B

FILED DATE: 5/10/2022 11:37 AM 20221106460

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

5/10/2022 11:37 AM IRIS Y. MARTINEZ

◉ Atty. No.: 60070
◯ Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address: 980 N. Michigan Ave., Suite 1400

City: Chicago

State: IL    Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

Witness date _____

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3



* 5 0 1 6 9 9 2 4 *

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

FILED DATE: 5/10/2022 11:37 AM   20221106460

System Generated Hearing Date: 5/24/2022 9:30 AM
Location: Court Room 1501
Judge: Sirich, Andria

**12-Person Jury**

Civil Action Cover Sheet

•(12/01/20) GCM 0520 A

FILED
4/1/2022 7:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20221106460
Courtroom, 1501
17343678

FILED DATE: 4/1/2022 7:18 PM    20221106460

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## MUNICIPAL DEPARTMENT/ ___FIRST___ DISTRICT

Margarita Navez

_____
                                    Plaintiff

v.

Experian Information Solutions, Inc. et al

_____
                                    Defendant

Case No. _____

Jury Demand  ◉ Yes  ○ No

☐  I need language help in court.

I speak _____

## CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category which best characterizes your action.

### Civil Case (A)

☐  0004  Tort not Personal Injury
☐  1004  Tort not Personal Injury (Jury)
☐  0007  Confession of Judgment
☐  1007  Confession of Judgment (Jury)
☐  0008  Replevin
☐  1008  Replevin (Jury)
☐  0017  Detinue
☐  1017  Detinue (Jury Demand)
☐  0031  Foreign Judgment
        Filing Out of State/Out of Country
☐  0054  Registration of Administrative Judgment

### Tort/Personal Injury Case

Any wrong or damage done to another person, such as, physical pain, illness, or any impairment of physical condition resulting from the careless or negligent actions of others. The most common cases involve auto accident injuries.

☐  0027  Personal Injury Motor Vehicle
☐  1027  Personal Injury Motor Vehicle (Jury)
☐  0048  Dram Shop
☐  1048  Dram Shop (Jury)
☐  0049  Product Liability
☐  1049  Product Liability (Jury)
☐  0051  Personal Injury Subrogation
☐  1051  Personal Injury Subrogation (Jury)
☐  0057  Personal Injury Motor Vehicle Subrogation
☐  1057  Personal Injury Motor Vehicle Subrogation (Jury)

☐  0001  Personal Injury
☐  1001  Personal Injury (Jury)
☐  0063  Tort Intentional
☐  1063  Tort Intentional (Jury)
☐  0062  Property Damage
☐  1062  Property Damage (Jury)

### Other Litigation Case

(i.e. credit card agreements, any contract between two or more individuals)

☐  0002  Breach of Contract
☐  1002  Breach of Contract (Jury)
☐  0071  Fraud
☐  1071  Fraud (Jury)
☐  0072  Consumer Fraud
☐  1072  Consumer Fraud (Jury)
☐  0073  Breach of Warranty
☐  1073  Breach of Warranty (Jury)
☐  0074  Statutory Action Complaint
☑  1074  Statutory Action Complaint (Jury)

### Civil Case (B)

☐  Filing an Illinois Court Judgment
☐  0100  Petition for Discovery
        A Petition to take depositions or subpoena
        records before a case is filed.
☐  0009  Name Change (Suburban Districts only)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Civil Action Cover Sheet**

‑(12/01/20), CCM 0520 B

FILED DATE: 4/1/2022 7:18 PM 20221106460

## Civil Housing Case

(i.e. condominium conversion, conservation; demolition/objection to fast track, exterior walls/ facades, fire protection, heat call (including Unincorporated Cook County), lead paint new developments, public nuisance, public places of amusement, strategic task force inspections)

- ☐ 0038 Housing
- ☐ 0086 Objection to Fast Track
- ☐ 0044 Criminal Ordinance Violation
- ☐ 0037 Heat Case
- ☐ 0034 Vacant Building

## Pro Se Case Type (First Municipal Civil Division only)

The Pro Se Court section of the Civil Division resolves disputes between parties where the amount at issue does not exceed $5,000. The party may act as their own attorney. Forms can be completed at the Pro Se desk in Room 602.

- ☐ 0050 Pro Se ($5,000 or less)

## Eviction Case/Civil Eviction/CHA Eviction

A summary proceeding in which the landlord seeks to restore possession of the premises or payment of rent when the tenant has wrongfully withheld rent or possession of the premises.

- ☐ 0005 Eviction (possession only)
- ☐ 1005 Eviction (possession only) (Jury)
- ☐ 0006 Joint Action (possession and rent)
- ☐ 1006 Joint Action (possession and rent) (Jury)
- ☐ 0018 Distress for Rent
- ☐ 1018 Distress for Rent (Jury)
- ☐ 0023 Mortgage Foreclosure Eviction
- ☐ 1023 Mortgage Foreclosure Eviction (Jury)
- ☐ 0024 Mortgage Foreclosure Eviction - Joint Action
- ☐ 1024 Mortgage Foreclosure Eviction - Joint Action (Jury)
- ☐ 0021 CHA Eviction
- ☐ 1021 CHA Eviction (Jury)
- ☐ 0022 CHA Joint Action
- ☐ 1022 CHA Joint Action (Jury)

Atty. No.: 60070    ☐ Pro Se 99500

Atty Name: Michael Wood

Atty. for: Plaintiff

Address: 980 N. Michigan Avenue, Suite 1400

City: Chicago    State: IL

Zip: 60611

Telephone: 312-757-1880

Primary Email: mwood@communitylawyersgroup.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

\* 5 0 1 6 9 9 2 4 \*

**Firm No. 60070**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

FILED DATE: 4/1/2022 7:18 PM   20221106460

|  |  |
|---|---|
| MARGARITA NAVEZ, | FILED<br>4/1/2022 7:18 PM<br>IRIS Y. MARTINEZ |
| Plaintiff, | CIRCUIT CLERK<br>COOK COUNTY, IL |
| v. | Case No.<br><br>20221106460 |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.; EQUIFAX<br>INFORMATION SERVICES, LLC; and<br>TRANS UNION, LLC. | AD Damnum: $1,000.00<br>Plus Attorney Fees and Costs |
| Defendants. | System Generated Hearing Date: 5/24/2022 9:30 AM<br>Location: Court Room 1501<br>Judge: Simon, John A. |

## **COMPLAINT**

Plaintiff, Margarita Navez, brings this action under the Fair Credit Reporting Act, 15

U.S.C. § 1681, *et seq*. ("FCRA"), for a finding that Defendants' actions violated the FCRA and

to recover damages for Defendants' violations of the FCRA, and alleges:

### **NATURE OF THE CASE**

1.     The Fair Credit Reporting Act (FCRA) was enacted to promote accuracy,

fairness, and the privacy of personal information assembled by credit reporting agencies.

2.     In enacting the FCRA, Congress found that: "[t]he banking system is dependent

upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of

the banking system, and unfair credit reporting methods undermine the public confidence which

is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

1



* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM    20221106460

3.      Moreover, Congress has explicitly stated that the purpose of the FCRA is "...to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, **accuracy**, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b) (emphasis added).

4.      To this end, consumer protection statutes such as the FCRA encourage consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FCRA, 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

6.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within two years from the date on which the violation was discovered." 15 U.S.C. § 1681(p) (emphasis added).

7.      Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

8.      Defendant(s) maintain consumer reports on consumers in Illinois.



* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM 20221106460

9.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because that is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendants regularly do business in this county.

## PARTIES

10.     Plaintiff, Margarita Navez ("Plaintiff"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

11.     Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois. Experian's registered agent is C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago IL 60604.

12.     Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Experian was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

13.     Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that business entity that regularly conducts business throughout every state and county in the United States, including in the state of Illinois. Its registered agent in Illinois is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

14.     Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare

3



* 5 0 1 6 9 9 2 4 *

and/or furnish consumer reports. Accordingly, at all relevant times Equifax was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

15.     TransUnion LLC, ("TransUnion"), is a Delaware limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

16.     TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times TransUnion was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

17.     Plaintiff opened a Synchrony Bank consumer credit account ("Account").

18.     Ultimately the debt was purportedly obtained by a furnisher called Portfolio Recovery Associates, LLC ("PRA").

19.     PRA subsequently began furnishing the Account.

20.     In reviewing her credit report, Plaintiff noticed an inaccuracy reported in the tradeline for the Account.

21.     On October 12, 2021, Plaintiff through counsel, sent letters to Experian, Equifax, and TransUnion, stating that inaccurate information is being reported on her credit report regarding the Account.

22.     Namely, Plaintiff disputed all charge activity on the account after 2017 as the account was closed by the furnisher.

23.     In fact, the furnisher's own reporting shows that the account was closed in 2017.

4

FILED DATE: 4/1/2022 7:18 PM    202211106460



* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM    20221106460

24.     Furthermore, Plaintiff disputed the amount of the debt, as Plaintiff made a payment on the closed account in 2020, and instead of Plaintiff being credited for the account and the amount of the debt decreasing the amount of the debt went up.

25.     Plaintiff asked that the tradeline be investigated.

26.     Experian, Equifax, and TransUnion did not respond to the disputes.

27.     Experian, Equifax, and TransUnion failed to conduct their own reasonable investigations.

28.     The information being reported by Experian, Equifax, and TransUnion is not accurate.

## COUNT I—UNREASONABLE REINVESTIGATION—EXPERIAN

29.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

30.     On October 12, 2021, Plaintiff, through counsel, sent a letter to Experian, stating that inaccurate information is being reported on her credit report, and asking that the tradeline be investigated. (Exhibit A, Experian Credit Reporting Agency Dispute Letter).

31.     Experian received Plaintiff's dispute and supporting documentation on October 14, 2021.

32.     To date, Experian continues to report the inaccurate tradeline for the Account.

33.     Plaintiff disputed the inaccurate information with Experian via regular U.S. mail and certified mail.

34.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Experian notified the furnisher of Plaintiff's dispute and the nature of the dispute.

5



* 5 0 1 6 9 9 2 4 *

35.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, the furnisher received notification from Experian of Plaintiff's dispute and the nature of the dispute.

36.     Specifically, on information and belief, Experian relied only upon the ACDV provided by a furnisher whom it had been informed was violating federal law with respect to its reporting obligations.

37.     Experian, nevertheless, and unreasonably, relied on information provided by the furnisher.

38.     Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

39.     At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

40.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

41.     Experian willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

6

FILED DATE: 4/1/2022 7:18 PM    2022110 6460



* 5 0 1 6 9 9 2 4 *

42. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

43. Experian willfully or negligently failed to provide all relevant information

provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing

agency, in violation of 15 U.S.C. § 1681i(a)(2).

44. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

45. Experian willfully or negligently failed to consider all relevant information

submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15

U.S.C. § 1681i(a)(4).

46. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

FILED DATE: 4/1/2022 7:18 PM    202211106460

7



* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM 20221106460

47.     Experian willfully or negligently failed to delete the inaccurate information from

Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

48.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

49.     Experian willfully or negligently failed to employ and follow reasonable

procedures to assure maximum possible accuracy of Plaintiff's credit report, information and

file, in violation of 15 U.S.C. § 1681e(b).

50.     Experian is liable to Plaintiff for the full amount of statutory and/or actual

damages, along with attorneys' fees and the cost of litigation, as well as such further relief, as

may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's

favor and against Defendant as follows:

A.      Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.      Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.      Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.      Such other or further relief as the Court deems proper.

## COUNT II—UNREASONABLE REINVESTIGATION—EQUIFAX

51.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs

in this complaint as though fully set forth herein.

8



FILED DATE: 4/1/2022 7:18 PM   20221106460

52.     On October 12, 2021, Plaintiff, through counsel, sent a letter to Equifax, stating that inaccurate information is being reported on her credit report, and asking that the tradeline be investigated. (Exhibit B, Equifax Credit Reporting Agency Dispute Letter).

53.     Equifax received Plaintiff's dispute and supporting documentation October 15, 2021.

54.     To date, Equifax continues to report the inaccurate tradeline for the Account.

55.     Plaintiff disputed the inaccurate information with Equifax via regular U.S. mail and certified mail.

56.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified the furnisher of Plaintiff's dispute and the nature of the dispute.

57.     Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, the furnisher received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

58.     Specifically, on information and belief, Equifax relied only upon the ACDV provided by a furnisher whom it had been informed was violating federal law with respect to its reporting obligations.

59.     Equifax, nevertheless, and unreasonably, relied on information provided by the furnisher.

60.     Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

9



* 5 0 1 6 9 9 2 4 *

61.    At all times pertinent hereto, the conduct of Equifax, as well as that of its agents,

servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent

disregard for federal and state laws and the rights of Plaintiff herein.

62.    15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

63.    Equifax willfully or negligently failed to conduct a proper and reasonable

reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving

notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

64.    15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

65.    Equifax willfully or negligently failed to provide all relevant information

provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing

agency, in violation of 15 U.S.C. § 1681i(a)(2).

66.    15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer**

FILED DATE: 4/1/2022 7:18 PM   20221106460

* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM    20221106460

**reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

67.    Equifax willfully or negligently failed to consider all relevant information

submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15

U.S.C. § 1681i(a)(4).

68.    15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

69.    Equifax willfully or negligently failed to delete the inaccurate information from

Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

70.    15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

71.    Equifax willfully or negligently failed to employ and follow reasonable

procedures to assure maximum possible accuracy of Plaintiff's credit report, information and

file, in violation of 15 U.S.C. § 1681e(b).

11



* 5 0 1 6 9 9 2 4 *

72.     Equifax is liable to Plaintiff for the full amount of statutory and/or actual

damages, along with attorneys' fees and the cost of litigation, as well as such further relief, as

may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's

favor and against Defendant as follows:

> E.      Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. §
>         1681o;
>
> F.      Statutory damages pursuant to 15 U.S.C.A. §1681n;
>
> G.      Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o
>
> H.      Such other or further relief as the Court deems proper.

### COUNT II—UNREASONABLE REINVESTIGATION—TRANSUNION

73.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs

in this complaint as though fully set forth herein.

74.     On October 12, 2021, Plaintiff, through counsel, sent a letter to TransUnion,

stating that inaccurate information is being reported on her credit report, and asking that the

tradeline be corrected. (Exhibit C, Credit Reporting Agency Dispute Letter).

75.     TransUnion received Plaintiff's dispute and supporting documentation on October

31, 2021.

76.     To date, TransUnion continues to report the inaccurate tradeline for the Account.

77.     Plaintiff disputed the inaccurate information with TransUnion via regular U.S.

mail and certified mail.

78.     Upon information and belief, within five days of Plaintiff disputing the inaccurate

information with TransUnion, TransUnion notified the furnisher of Plaintiff's dispute and the

nature of the dispute.

FILED DATE: 4/1/2022 7:18 PM 2022110G460



* 5 0 1 6 9 9 2 4 *

79.     Upon information and belief, within five days of Plaintiff disputing the inaccurate

information with TransUnion, the furnisher received notification from TransUnion of Plaintiff's

dispute and the nature of the dispute.

80.     Specifically, on information and belief, TransUnion relied only upon the ACDV

provided by a furnisher whom it had been informed was violating federal law with respect to its

reporting obligations.

81.     TransUnion, nevertheless, and unreasonably, relied on information provided by

the furnisher.

82.     Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately,

willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations

of the above disputes as required by the FCRA, has failed to remove the inaccurate information,

and has continued to report the derogatory inaccurate information about Plaintiff.

83.     At all times pertinent hereto, the conduct of TransUnion, as well as that of its

agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly

negligent disregard for federal and state laws and the rights of Plaintiff herein.

84.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

85.     TransUnion willfully or negligently failed to conduct a proper and reasonable

reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving

notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

13

FILED DATE: 4/1/2022 7:18 PM  20221106460



* 5 0 1 6 9 9 2 4 *

86. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

87. TransUnion willfully or negligently failed to provide all relevant information

provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing

agency, in violation of 15 U.S.C. § 1681i(a)(2).

88. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

89. TransUnion willfully or negligently failed to consider all relevant information

submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15

U.S.C. § 1681i(a)(4).

90. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

14

FILED DATE: 4/1/2022 7:18 PM 2022110646D



* 5 0 1 6 9 9 2 4 *

91.    TransUnion willfully or negligently failed to delete the inaccurate information

from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

92.    15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

93.    TransUnion willfully or negligently failed to employ and follow reasonable

procedures to assure maximum possible accuracy of Plaintiff's credit report, information and

file, in violation of 15 U.S.C. § 1681e(b).

94.    TransUnion is liable to Plaintiff for the full amount of the statutory and/or actual

damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as

may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's

favor and against Defendant as follows:

        A.    Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

        B.    Statutory damages pursuant to 15 U.S.C.A. §1681n;

        C.    Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

        D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Michael Wood*
One of Plaintiff's Attorneys

FILED DATE: 4/1/2022 7:18 PM    20221106460



FILED DATE: 4/1/2022 7:18 PM    20221106460

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
980 N Michigan Ave, Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM   20221106460

# EXHIBIT A



Community Lawyers LLC
980 N Michigan Ave
STE 1400
Chicago IL 60611

52980 13.1.c

FILED DATE: 4/1/2022 7:18 PM   20221106460

\* 5 0 1 6 9 9 2 4 \*

**USPS CERTIFIED MAIL**



9207 1901 4298 0463 5598 57


000529801300010
Experian
PO Box 4500
Allen TX 75013
USA





* 5 0 1 6 9 9 2 4 *

**Community Lawyers LLC**
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880 | Fx: (312) 265-3227

**SENT VIA CERTIFIED MAIL & FIRST CLASS MAIL**

October 12, 2021

| | | |
|---|---|---|
| TransUnion LLC | Experian | Equifax Information Services, LLC |
| P.O. Box 2000 | P.O. Box 4500 | P.O. Box 740256 |
| Chester, PA 19016 | Allen, TX 75013 | Atlanta, GA 30374 |

Re:     Margarita Navez

**SYNCB/TJX COS DC, Acct. #524366151037****, $475.00 (TJMaxx)**
DOB:
SS:

To Whom It May Concern:

This is a formal notice that you are reporting inaccurate information regarding my client. Please investigate the above referenced tradeline and correct it.

This account was closed in April 2017 and charged off. See enclosed Transunion report. All the charge activity after that time is inaccurate.

In an effort to keep the balance from getting out of control my client made a $217 payment to the furnisher in March 2020, as reflected on the enclosed Experian report. The balance was decreased by the payment at first, but then increased again despite the card now being closed for a period of years.

Because the incorrect information appears to be included as part of the ACDV itself, my client also asks that you request re-investigation of the data directly from the furnisher as the field data from the ACDV will not be reliable.

Once your investigation is complete, please respond directly to my client by sending an updated consumer disclosure showing correction of this item to their address listed above. You are specifically requested to provide a copy of this letter and enclosures to anyone asked to investigate this matter.

Sincerely,

By: _____
Illinois ARDC #6315845

* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM   20221106460

# EXHIBIT B

5298013.1.c

FILED DATE: 4/1/2022 7:18 PM 20221106460

Community Lawyers LLC
980 N Michigan Ave
STE 1400
Chicago IL 60611



*  5  0  1  6  9  9  2  4  *

**USPS CERTIFIED MAIL**



9207 1901 4298 0463 5592 53

0005298013000031
Equifax Information Services LLC
P.O. Box 740256
Atlanta GA 30374-0256
USA






\* 5 0 1 6 9 9 2 4 \*

**Community Lawyers LLC**
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880 | Fx: (312) 265-3227

**SENT VIA CERTIFIED MAIL & FIRST CLASS MAIL**

October 12, 2021

| | | |
|---|---|---|
| TransUnion LLC | Experian | Equifax Information Services, LLC |
| P.O. Box 2000 | P.O. Box 4500 | P.O. Box 740256 |
| Chester, PA 19016 | Allen, TX 75013 | Atlanta, GA 30374 |

Re:    Margarita Navez

**SYNCB/TJX COS DC, Acct. #524366151037\*\*\*\*, $475.00 (TJMaxx)**
DOB:
SS:

To Whom It May Concern:

This is a formal notice that you are reporting inaccurate information regarding my client. Please investigate the above referenced tradeline and correct it.

This account was closed in April 2017 and charged off. See enclosed Transunion report. All the charge activity after that time is inaccurate.

In an effort to keep the balance from getting out of control my client made a $217 payment to the furnisher in March 2020, as reflected on the enclosed Experian report. The balance was decreased by the payment at first, but then increased again despite the card now being closed for a period of years.

Because the incorrect information appears to be included as part of the ACDV itself, my client also asks that you request re-investigation of the data directly from the furnisher as the field data from the ACDV will not be reliable.

Once your investigation is complete, please respond directly to my client by sending an updated consumer disclosure showing correction of this item to their address listed above. You are specifically requested to provide a copy of this letter and enclosures to anyone asked to investigate this matter.

Sincerely,

By:            
Illinois ARDC #6315845

* 5 0 1 6 9 9 2 4 *

FILED DATE: 4/1/2022 7:18 PM   20221106460

# EXHIBIT C

5298013.1.c

FILED DATE: 4/1/2022 7:18 PM  20221106460

Community Lawyers LLC
980 N Michigan Ave
STE 1400
Chicago IL 60611



* 5 0 1 6 9 9 2 4 *

**USPS CERTIFIED MAIL**



9207 1901 4298 0463 5598 40

000528801300020
TransUnion Consumer Solutions
PO Box 2000
Chester PA 19016-2000
USA





* 5 0 1 6 9 9 2 4 *

**Community Lawyers LLC**
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880 | Fx: (312) 265-3227

## SENT VIA CERTIFIED MAIL & FIRST CLASS MAIL

October 12, 2021

| TransUnion LLC | Experian | Equifax Information Services, LLC |
|---|---|---|
| P.O. Box 2000 | P.O. Box 4500 | P.O. Box 740256 |
| Chester, PA 19016 | Allen, TX 75013 | Atlanta, GA 30374 |

Re:     Margarita Navez

**SYNCB/TJX COS DC, Acct. #524366151037****, $475.00 (TJMaxx)**
DOB:
SS:

To Whom It May Concern:

This is a formal notice that you are reporting inaccurate information regarding my client. Please investigate the above referenced tradeline and correct it.

This account was closed in April 2017 and charged off. See enclosed Transunion report. All the charge activity after that time is inaccurate.

In an effort to keep the balance from getting out of control my client made a $217 payment to the furnisher in March 2020, as reflected on the enclosed Experian report. The balance was decreased by the payment at first, but then increased again despite the card now being closed for a period of years.

Because the incorrect information appears to be included as part of the ACDV itself, my client also asks that you request re-investigation of the data directly from the furnisher as the field data from the ACDV will not be reliable.

Once your investigation is complete, please respond directly to my client by sending an updated consumer disclosure showing correction of this item to their address listed above. You are specifically requested to provide a copy of this letter and enclosures to anyone asked to investigate this matter.

Sincerely,

By:

Illinois ARDC #6315845